C. H. FOWLER v. H. H. UNDERWOOD.

(Filed 23 March, 1927.)

**Negligence—Automobiles—Highways—Intersecting By-ways—Collisions —Consequent Damages—Proximate Cause.**

In approaching a highway from a yard the driver of an automobile must have his car under control, and not exceed a speed of ten miles an hour, and also give timely signals of its approach, C. S., 2616, and evidence of his failure to do so causing an accident to another car being properly driven on the highway, is sufficient of actionable negligence to take the case to the jury; and the fact that this negligence did not actually result in a collision of the two cars, but proximately caused the injury in the reasonable effort of the driver of the plaintiff's car to avoid it, does not vary the application of the rule.

APPEAL by plaintiff from *Bond, J.,* at December Term, 1926, of WAKE.

*Douglass & Douglass for plaintiff.*
*Parker & Martin and W. B. Jones for defendant.*

ADAMS, J. The plaintiff instituted this action to recover damages for personal injury alleged to have been caused by the negligence of the defendant. At the close of the evidence the defendant's motion for nonsuit was granted and from the judgment rendered the plaintiff appealed.

There was evidence tending to show that on 28 June, 1925, the plaintiff was riding with others on the public highway near Smithfield in his own car, which was driven by Milton Bradley at the speed of fifteen or twenty miles an hour; that the defendant drove his car at the rate of twenty or thirty miles an hour into the right side of the highway from an adjacent yard; that the defendant's car was concealed from the occupants of the plaintiff's car by a hedgerow which extended almost to the road; that the defendant did not sound his horn or give any other signal or warning of his entrance into the highway; that the plaintiff's car was carefully operated on the right side of the road; that the driver first saw the defendant's car at a distance of ten or fifteen steps, and then in order to avoid a collision turned the plaintiff's car to the right, struck a mail box, lost control, wrecked the car, and injured the plaintiff. The defendant offered evidence which was in direct conflict with that of the plaintiff.

The evidence tends to establish the allegations in the complaint, and when considered in the light most favorable to the plaintiff, as it must be in case of nonsuit, it is strong enough to admit of its submission to the jury on an issue as to the defendant's negligence. Upon approaching an intersecting highway any person operating a motor vehicle must give a timely signal, have his car under control, and operate it at a speed not to exceed ten miles an hour. C. S., 2616. The word "intersecting" has been construed as synonymous with "joining" or "touching" or "entering into." *Manly v. Abernathy,* 167 N. C., 220. In coming from the yard the defendant therefore was in the act of approaching an intersecting highway. True, there was no actual collision of the cars, but this was not indispensable to the plaintiff's cause of action. If the plaintiff was suddenly confronted by peril through the negligence of the defendant and the plaintiff's driver, under reasonable apprehension that a collision would occur if he did not turn his car to the right, acted as a reasonably prudent person would have acted under the same or similar conditions in an effort to extricate his car from the danger, and the car in consequence was wrecked and the plaintiff was injured, the injury would be regarded as the direct consequence of the defendant's negligence. *Crampton v. Ivie,* 124 N. C., 591, in which a rehearing was granted on another point in 126 N. C., 894; *Johnson v. R. R.,* 163 N. C., 431, 444; *Hinton v. R. R.,* 172 N. C., 587; *Bowen v. Schnibben,* 184 N. C., 248; *Dreher v. Devine,* 192 N. C., 325.

We think the plaintiff is entitled to have the appropriate issues submitted to the jury.

Reversed.