### STATE v. LEE ELDRIDGE.

(Filed 30 October, 1929.)

**Homicide O b—Where negligence of deceased was sole proximate cause of death defendant is not guilty of manslaughter.**

> Where in a prosecution for manslaughter for the negligent killing of the deceased through the reckless driving of an automobile, the defense is interposed that the deceased met her death through her own negligence in unexpectedly running in front of defendant's car under circumstances making it impossible for him to avoid striking her: *Held*, the defendant is entitled to show as a complete defense that the death was caused by the act of the deceased and not by his negligence, and an instruction that denies him this right is reversible error to his prejudice entitling him to a new trial. The doctrine of contributory negligence does not apply.

APPEAL by defendant from *Moore, J.,* at April Term, 1929, of SURRY.

Criminal prosecution tried upon an indictment charging the defendant with the unlawful killing of Mrs. Will Quesinberry by striking her with an automobile while operating same on a public highway in a dangerous and reckless manner.

The defense interposed was unavoidable accident, and the defendant offers evidence tending to show that the deceased, in an effort to cross the road, negligently and unexpectedly ran in front of his car, under such circumstances as to render it impossible for him to avoid striking her.

STATE *v.* CORNETT.

Verdict: Guilty of manslaughter, with recommendations of mercy.

Judgment: Imprisonment in the State's prison for not less than five nor more than ten years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Nash for the State.*

*Folger & Folger for defendant.*

STACY, C. J. The validity of the trial is called in question by a number of exceptions and assignments of error, but detailed consideration of them is omitted, as the Attorney-General confesses error, and we find it necessary to award a new trial for error in the following instruction:

"If you find beyond a reasonable doubt that the boy was driving the car at such a rate, at the time he hit the deceased that his car was not under control, so as to stop and save the life of this woman, however negligent she may have been, it would be your duty to find him guilty of manslaughter."

This instruction took from the defendant his plea of misadventure or unavoidable accident, and deprived him of the contention that the negligence (not contributory negligence) of the deceased was the sole proximate cause of her death. *S. v. Palmer, ante,* 135. Contributory negligence on the part of the deceased, which *ex vi termini* implies that the negligence of the defendant was one of the causes of the injury, as distinguished from a self-inflicted wound, which perforce carries a different meaning, has no place in the law of the case. *S. v. McIver,* 175 N. C., 761, 94 S. E., 682. But the defendant is entitled to show, if he can, that the deceased met her death, wholly as a result of her own misfortune, and not because of any culpable negligence on his part. *S. v. Whaley,* 191 N. C., 387, 132 S. E., 6.

New trial.