STATE v. TOM COPE.

(Filed 25 January, 1933.)

**1. Negligence E a—Definition of culpable negligence.**

Culpable negligence imports something more than actionable negligence in the law of torts, and is such recklessness or carelessness, proximately resulting in injury or death, as is incompatible with a proper regard for the safety or rights of others; and the violation of a safety statute regulating the use of highways does not constitute culpable negligence unless such violation is intentional, wilful or wanton, or unless the violation, though unintentional, is accompanied by recklessness or is under circumstances from which probable death or injury to others might have been reasonably anticipated.

**2. Negligence E b—**

Criminal liability for culpable negligence is unaffected by contributory negligence, as such, of the person injured or killed.

**3. Homicide C a—Instruction as to culpable negligence in prosecution for felonious slaying held erroneous.**

In a prosecution for the felonious slaying of a pedestrian upon the highway, alleged to have been caused by the defendant's culpable negligence in driving his car, an instruction that if the defendant was guilty of violating a statute enacted for the safety of persons upon the highway, and that such violation proximately resulted in death, that the defendant would be guilty of manslaughter at least, *is held* erroneous as giving the test of civil liability rather than that of criminal responsibility.

APPEAL by defendant from *Stack, J.,* at February Term, 1932, of HAYWOOD.

Criminal prosecution tried upon indictment charging the defendant, and another, with the felonious slaying of one Cecil Ruff.

On Saturday night, 2 August, 1930, the deceased, a boy fifteen years of age, in company with his mother and two boys of the neighborhood, was on his way to church, walking on Highway No. 10, near Saunooke in Haywood County. He was struck by a Chevrolet automobile owned by the defendant's father, and under the control of the defendant at the time.

The evidence is conflicting as to just how the accident occurred, whether the lights were burning, dimmed or out. The witnesses for the State estimate the speed of the car from 40 to 60 miles an hour, while those for the defendant say it was not running over 40 or 45 miles per hour. The pedestrians and the automobile were all traveling in the same direction.

The following portions of the charge form the basis of several exceptive assignments of error:

"Gentlemen of the jury, if one violates any of the laws that were passed for the protection of the traveling public on the highways, and that violation of the law on his part causes the death of another, he will be guilty of manslaughter at least whether he intended to do so or not.

"Now in this case, the State says the defendant was violating the laws that were passed by the Legislature for the protection of those who use the public highways. Our Legislature has passed a number of provisions for the protection of all of us who use the highways, and makes it a misdemeanor or a crime to violate them. If all people using the highways would obey the law we would have no killings or personal injuries or destruction of property, because the law in its wisdom has required such regulation for our protection that if we will follow it we will not hurt anybody and if others will follow it we will not get hurt.

"Get the idea: If any of these laws, enacted for the protection of those who use the highways, is violated by travelers on the highways, and that violation of the law results in the death of some one, then the one that does that is guilty of manslaughter at least."

Verdict: Guilty of manslaughter.

Judgment: Imprisonment in the State's prison for not less than 5 nor more than 8 years.

Defendant appeals, assigning errors.

*Attorney-General Brummitt and Assistant Attorney-General Seawell for the State.*

*Alley & Alley for defendant.*

STACY, C. J. Did the trial court correctly observe the difference between actionable and culpable negligence in charging the jury? Pre-

liminary to answering this question, it may be helpful to plot again the line, sometimes shadowy, which separates the two.

1. Actionable negligence in the law of torts is a breach of some duty imposed by law or a want of due care—commensurate care under the circumstances—which proximately results in injury to another. *Small v. Utililies Co.,* 200 N. C., 719, 158 S. E., 385; *Eller v. Dent,* 203 N. C., 439; *Hurt v. Power Co.,* 194 N. C., 696, 140 S. E., 730; *Ramsbottom v. R. R.,* 138 N. C., 39, 50 S. E., 448; *Drum v. Miller,* 135 N. C., 204, 47 S. E., 421.

2. The violation of a statute or ordinance, intended and designed to prevent injury to persons or property, whether done intentionally or otherwise, is negligence *per se,* and renders one civilly liable in damages, if its violation proximately result in injury to another; for, in such case, the statute or ordinance becomes the standard of conduct or the rule of the prudent man. *King v. Pope,* 202 N. C., 554, 163 S. E., 447; *Godfrey v. Coach Co.,* 201 N. C., 264, 159 S. E., 412; *Taylor v. Stewart,* 172 N. C., 203, 90 S. E., 134.

3. Contributory negligence, when properly pleaded and established, defeats a recovery in the law of torts (*Moore v. Iron Works,* 183 N. C., 438, 111 S. E., 776), except in certain cases (*Cobia v. R. R.,* 188 N. C., 487); while contributory negligence as such has no place in the law of crimes. *S. v. Eldridge,* 197 N. C., 626, 150 S. E., 125; *S. v. McIver,* 175 N. C., 761, 94 S. E., 682.

4. Culpable negligence in the law of crimes is something more than actionable negligence in the law of torts. *S. v. Stansell,* 203 N. C., 69, 164 S. E., 580; *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669.

5. Culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others. *S. v. Whaley,* 191 N. C., 387, 132 S. E., 6; *S. v. Rountree, supra.*

In support of the distinction, here gleaned from the authorities, between actionable negligence in the law of torts and culpable negligence in the law of crimes, it may be noted that "reckless driving" is defined in the uniform act relating to the operation of vehicles on the highways (chap. 148, Public Laws, 1927, sec. 3), as follows: "Any person who drives any vehicle upon a highway carelessly and heedlessly in wilful or wanton disregard of the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger any person or property, shall be guilty of reckless driving and upon conviction shall be punished as provided in section sixty of this act."

Under this definition, the simple violation of a traffic regulation, which does not involve actual danger to life, limb or property, while importing civil liability if damage or injury ensue (*Ledbetter v. English,* 166 N. C., 125, 81 S. E., 1066),. would not perforce constitute the criminal offense of reckless driving. *S. v. Stansell, supra; S. v. Whaley, supra; S. v. Durham,* 201 N. C., 724, 161 S. E., 398.

6. An intentional, wilful or wanton violation of a statute or ordinance, designed for the protection of human life or limb, which proximately results in injury or death, is culpable negligence. *S. v. Palmer,* 197 N. C., 135, 147 S. E., 817; *S. v. Leonard,* 195 N. C., 242, 141 S. E., 736; *S. v. Trott,* 190 N. C., 674, 130 S. E., 627; *S. v. Crutchfield,* 187 N. C., 607, 122 S. E., 391; *S. v. Sudderth,* 184 N. C., 753, 114 S. E., 828; *S. v. Jessup,* 183 N. C., 771, 111 S. E., 523; *S. v. Gray,* 180 N. C., 697, 104 S. E., 647; *S. v. Gash,* 177 N. C., 595, 99 S. E., 337; 2 R. C. L., 1212.

7. But an unintentional violation of a prohibitory statute or ordinance, unaccompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, is not such negligence as imports criminal responsibility. *S. v. Stansell, supra; S. v. Agnew,* 202 N. C., 755, 164 S. E., 578; *S. v. Satterfield,* 198 N. C., 682, 153 S. E., 155; *S. v. Tankersley,* 172 N. C., 955, 90 S. E., 781; *S. v. Horton,* 139 N. C., 588, 51 S. E., 945.

8. However, if the inadvertent violation of a prohibitory statute or ordinance be accompanied by recklessness or probable consequences of a dangerous nature, when tested by the rule of reasonable prevision, amounting altogether to a thoughtless disregard of consequences or a heedless indifference to the safety and rights of others, then such negligence, if injury or death proximately ensue, would be culpable and the actor guilty of an assault or manslaughter, and under some circumstances of murder. *S. v. Trott, supra; S. v. Sudderth, supra; S. v. Trollinger,* 162 N. C., 618, 77 S. E., 957; *S. v. Limerick,* 146 N. C., 649, 61 S. E., 567; *S. v. Stitt,* 146 N. C., 643, 61 S. E., 566; *S. v. Turnage,* 138 N. C., 566, 49 S. E., 913.

Taking the court's instructions and placing them side by side with the foregoing epitome of the pertinent decisions on the subject, it appears that the test of civil liability, rather than that of criminal responsibility, was applied in determining the defendant's guilt. In this, there was error.

New trial.