## STATE v. BERT LANCASTER.

(Filed 26 June, 1935.)

**Automobiles F a—**

> Defendant was indicted for assault with a deadly weapon growing out of injury to bicyclists struck by defendant's car. A new trial is awarded upon defendant's exception to the charge for the court's failure to observe and apply the difference between criminal and civil negligence.

CRIMINAL ACTION, before *Small, J.,* at January Term, 1935, of WAYNE.

The defendant was indicted in separate bills for assault upon Claude Lane and Robert Paschall. There was also a count for driving an automobile while in a drunken condition. The bills were consolidated for trial.

The evidence tended to show that Lane and Paschall were riding bicycles on a public highway, and that the defendant, traveling in the same direction and zig-zagging from one part of the road to another, struck Lane and Paschall when they were on the shoulder of the road and on the proper side thereof, inflicting serious and permanent injuries.

There was a verdict of guilty, and from a sentence of imprisonment the defendant appealed.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*J. Faison Thomson for defendant.*

BROGDEN, J.   The trial judge charged the jury as follows:

"If you are satisfied beyond a reasonable doubt  .  .  .   that Claude Lane was struck, and further are satisfied beyond a reasonable doubt that he was struck by the automobile driven by the defendant,  .  .  . and that at the time Bert Lancaster struck Claude Lane, and if you are further satisfied beyond a reasonable doubt that Bert Lancaster was driving in a reckless and careless manner, without due regard to the width of the highway and the condition thereof, and without due regard to other pedestrians thereupon, or people riding in vehicles, or on bicycles, and while so driving was reckless, careless, and heedless, and without due regard to the rights of others; if you are satisfied beyond a reasonable doubt that he struck and injured Claude Lane with an automobile driven by Bert Lancaster in said manner, you would return a verdict of guilty of assault with a deadly weapon."

The instruction given the jury with reference to the assault upon Robert Paschall was substantially in the same language as that quoted above.

The question of law arising upon the instruction is whether it correctly applied the rule of culpable or criminal negligence.

In recent decisions this Court has definitely and unequivocally declared that in criminal cases involving negligent injuries and killings that the difference between culpable and criminal negligence and civil negligence must be observed and applied in the trial.   See *S. v. Whaley,* 191 N. C., 387, 132 S. E., 6; *S. v. Agnew,* 202 N. C., 755, 164 S. E., 578; *S. v. Cope,* 204 N. C., 28, 167 S. E., 456.   The various aspects of the distinction are pointed out in the *Cope case, supra.*   The Court declared: "Culpable negligence in the law of crimes is something more than actionable negligence in the law of torts.   Culpable negligence is such recklessness or carelessness, proximately resulting in injury or death, as imports a thoughtless disregard of consequences or a heedless

indifference to the safety and rights of others. An intentional, wilful, or wanton violation of a statute or ordinance, designed for the protection of human life or limb, which proximately results in injury or death, is culpable negligence."

The Court is of the opinion that the formula heretofore approved has not been correctly applied, and a new trial is awarded.

New trial.