STATE v. L. L. LANDIN AND WILLIE BRYANT.

(Filed 11 December, 1935.)

**1. Automobiles F b—Evidence held sufficient for jury on charge of manslaughter.**

The evidence on behalf of the State tended to show that defendant, while intoxicated, drove his car at a speed of 55 to 60 miles per hour into a city street intersection and struck the rear of another car which had passed the center of the intersection as it traveled along the intersecting street from defendant's right, that defendant at the time was talking with a passenger in his car and did not see the intersection or the other car, and that the passenger in defendant's car died as a result of injuries sustained in the collision. *Held:* The evidence was sufficient to overrule defendant's motion to nonsuit in a prosecution upon an indictment charging defendant with the unlawful and felonious slaying of the deceased.

**2. Criminal Law I j—**

On motion to nonsuit, the court is required merely to ascertain whether there is any competent evidence to sustain the allegations of the indictment.

**3. Automobiles F b—Evidence held insufficient for jury on charge of manslaughter.**

Evidence that defendant drove his car into a city street intersection at 35 or 40 miles per hour, but that he blew his horn before entering the intersection, and thereafter slackened his speed, and kept his car on the right side of the street, and that after he had passed the center of the intersection the rear of his car was struck by another car entering the intersection at 55 to 60 miles per hour from defendant's left, *is held* insufficient to be submitted to the jury in a prosecution of defendant on a charge of manslaughter for the death of a passenger in the other car resulting from the collision, since the negligence of defendant in entering the intersection at an excessive rate of speed had spent itself and would have been harmless but for the intervening negligence of the driver of the other car.

DEVIN, J., took no part in the consideration or decision of this case.

APPEAL by defendants from *Williams, J.,* at June Term, 1935, of WAKE.

Criminal prosecution, tried upon indictment charging the defendants with the unlawful and felonious slaying of Miss Ruth Ellis.

It is admitted that on the night of 10 March, 1935, a collision occurred at the intersection of Davie and East streets, in the city of Raleigh, between a Terraplane automobile, operated by Willie Bryant, and a Chevrolet, driven by L. L. Landin. The deceased was riding with the defendant Landin. East Street runs in a northerly and southerly direction. Davie Street runs in an easterly and westerly direction. There is a manhole in the center line of East Street, four feet north of the center of the intersection. At the southeast corner of the two streets

STATE *v.* LANDIN.

there is a brick garage which extends up to the sidewalk on both streets and makes what is known as a blind corner. At the northeast corner of said intersection there is a cafe; at the northwest corner there are two telephone poles and certain billboards; and at the southwest corner there is a vacant lot.

The evidence on behalf of the State tends to show that the Terraplane operated by Bryant entered the intersection first at a speed of 35 or 40 miles an hour. It was on the north side of Davie Street, going in a westerly direction. Bryant sounded his horn before entering the intersection and, according to his testimony, slowed down or slackened the speed of his car.

The Chevrolet driven by Landin approached from the south on East Street at a rate of from 55 to 60 miles an hour. It ran into the intersection without sounding its horn or lessening its speed, and struck the left rear wheel and fender of Bryant's Terraplane at a point slightly northwest of the manhole. The Terraplane was turned over several times. After the impact, the Chevrolet ran at an angle across the balance of the intersection to its left and rammed into a telephone pole at the northwest corner of the intersection, throwing Miss Ellis out of the car and causing her death. It was further in evidence that Landin had been drinking and did not see the intersection or Bryant's car before the collision. Landin and Bryant were both severely injured.

Landin testified that he had not been drinking and that he was driving between 25 and 30 miles an hour. He admitted, however, that he did not see the Terraplane or the intersection before entering it, as he and Miss Ellis were engaged in conversation at the time.

Both defendants demurred to the evidence and moved to dismiss under the Mason Act, C. S., 4643. Overruled; exception.

Verdict: Guilty as to both defendants.

Judgment as to Landin: Imprisonment in State's Prison for not less than three nor more than six years.

Judgment as to Bryant: Imprisonment in State's Prison for not less than eighteen months and not more than three years.

The defendants appeal, each assigning errors.

*Attorney-General Seawell and Assistant Attorney-General Aiken for the State.*

*Norman Gold and Thomas W. Ruffin for defendant Landin.*

*W. H. Sawyer and Douglass & Douglass for defendant Bryant.*

STACY, C. J. It is not perceived upon what theory the action could be dismissed as against the defendant Landin. *S. v. Cope,* 204 N. C., 28, 167 S. E., 456. There is not only evidence of his reckless driving but also of his intoxication; and death as a result of the collision is

admitted. *S. v. Dills,* 204 N. C., 33, 167 S. E., 459. This made it a case for the jury so far as Landin is concerned. *S. v. Stansell,* 203 N. C., 69, 164 S. E., 580.

In passing upon the sufficiency of the evidence, raised by demurrer or motion to nonsuit, the court is required merely to ascertain whether there is any competent evidence to sustain the allegations of the indictment. *S. v. Marion,* 200 N. C., 715, 158 S. E., 406; *S. v. Carlson,* 171 N. C., 818, 89 S. E., 30; *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669.

On the other hand, a careful perusal of the record leaves us with the impression that the demurrer to the evidence should have been sustained as to Willie Bryant. *S. v. Satterfield,* 198 N. C., 682, 153 S. E., 155; *S. v. Agnew,* 202 N. C., 755, 164 S. E., 578; *S. v. Cope, supra; S. v. Lancaster,* 208 N. C., 349.

It is true the defendant Bryant may have entered the intersection at an excessive rate of speed, nevertheless his negligence in this respect had spent itself and would have been harmless but for the reckless driving of the defendant Landin. The Terraplane was on its right side of the road, and had passed the center of East Street before it was struck by the Chevrolet. *S. v. Satterfield, supra; S. v. Fulcher,* 184 N. C., 663, 113 S. E., 769.

The doctrine of insulating the conduct of one, even when it amounts to inactive negligence, by the intervention of the active negligence of a responsible third party, has been applied in a number of cases. *Haney v. Lincolnton,* 207 N. C., 282, 176 S. E., 573; *Baker v. R. R.,* 205 N. C., 329, 171 S. E., 342; *S. v. Eldridge,* 197 N. C., 626, 150 S. E., 125; *Brigman v. Const. Co.,* 192 N. C., 791, 136 S. E., 125; *S. v. Whaley,* 191 N. C., 387, 132 S. E., 6.

On Landin's appeal, No error.

On Bryant's appeal, Reversed.

DEVIN, J., took no part in the consideration or decision of this case.