STATE v. TOM FIELDS.

(Filed 8 April, 1942.)

**1. Indictment § 8—Charge of reckless driving, drunken driving, and assault with automobile may be joined as separate counts.**

A charge of reckless driving, of operating an automobile on the highway while under the influence of intoxicating liquor and of assault with an automobile may be properly joined in one indictment as separate counts charging distinct offenses of the same class growing out of the same transaction, C. S., 4622, and separate judgments may be entered upon the jury's verdict of guilty of reckless driving and assault, defendant's contention that the bill contains only one count or that the charge of reckless driving was merged with the charge of assault or the charge of manslaughter contained in a separate indictment consolidated for trial, being untenable.

**2. Automobiles § 32—**

In this prosecution for manslaughter growing out of the operation of an automobile, the charge of the court construed as a whole *is held* to have correctly defined culpable negligence necessary to establish involuntary manslaughter and to have properly distinguished it from the degree of negligence sufficient to impose liability in civil actions.

APPEAL by defendant from *Frizzelle, J.,* at September Term, 1941, of JONES. No error.

The defendant was convicted of manslaughter, of reckless driving, and of assault with a deadly weapon, growing out of the unlawful operation of an automobile on the highway.

The State's evidence tended to show that the defendant operated his automobile recklessly, while under the influence of intoxicating liquor, and in violation of other statutes relating to motor vehicles, and that as a result of culpable negligence on his part his automobile collided with another automobile on the highway causing the death of John Ed Moore, who was in the automobile with the defendant, and breaking the arm of Jack Baugus, the driver of the other automobile.

There was a verdict of guilty as to the three offenses named, and from judgment imposing consecutive sentences, the defendant appealed.

*Attorney-General McMullan and Assistant Attorneys-General Bruton and Patton for the State.*

*J. A. Jones and John D. Larkins, Jr., for defendant.*

DEVIN, J. Two bills of indictment against the defendant, for offenses growing out of the same transaction, were consolidated for trial. One of these bills charged manslaughter, and the other bill charged the reck-

STATE *v.* FIELDS.

less driving of an automobile, the operation of an automobile on the highway while under the influence of intoxicating liquor, and assault with a deadly weapon, to wit, an automobile, upon the person of Jack Baugus. The jury convicted the defendant of manslaughter, of reckless driving, and assault, as charged, but acquitted him of driving while under the influence of intoxicating liquor.

The only assignments of error are with respect to the judge's charge to the jury. The defendant challenges the correctness of the court's instructions in two respects. First, that the bill charging violation of the motor vehicle laws and assault was submitted as containing three separate counts, and the jury was instructed to render verdict as to each count. The defendant contends the bill contained only one count, and that the allegations in the bill as to reckless driving and driving under the influence of liquor should be regarded merely as stating the acts of culpable negligence supporting the charge of assault with a deadly weapon.

We cannot concur in this view. There was no objection to the bill. It contained charges of separate and distinct violations of law, of the same class, and growing out of the same transaction. C. S., 4622. Judgments, predicated upon verdicts of guilty as to two of the charges in the bill, were properly imposed. *In re Black,* 162 N. C., 457, 78 S. E., 273; *S. v. Cathey,* 170 N. C., 794, 87 S. E., 532; *S. v. Mills,* 181 N. C., 530, 106 S. E., 677; *S. v. Lewis,* 185 N. C., 640, 116 S. E., 259; *S. v. Malpass,* 189 N. C., 349, 127 S. E., 248; *S. v. Harvell,* 199 N. C., 599, 155 S. E., 257; *S. v. Smith,* 201 N. C., 494 (498), 160 S. E., 577. "The separate offenses charged in the same warrant or indictment are to be considered and treated as separate counts." *S. v. Jarrett,* 189 N. C., 516, 127 S. E., 590. Nor may it be held, under the facts shown by the record in this case, that the charge of reckless driving was merged in the charge of manslaughter or assault. *S. v. Midgett,* 214 N. C., 107, 198 S. E., 613, and cases there cited.

Second, as to the bill of indictment charging manslaughter, the defendant assigns error in the court's instructions as to the degree of negligence necessary to establish the criminal offense charged. He contends that, while the court in one portion of the charge properly defined the culpable negligence necessary to be found to establish involuntary manslaughter, in another portion of the charge the definition of negligence applicable only to civil actions was given, and that a new trial should be awarded on account of the conflicting instructions. *S. v. Starnes,* 220 N. C., 384.

An examination of the entire charge on this point, however, leaves us with the impression that the able judge who presided at the trial of this case instructed the jury in substantial accord with the decisions of this Court, and that the defendant has no just ground of complaint. A suc-

cinct and accurate definition of culpable negligence and of the distinction between the degree of negligence sufficient to impose liability in a civil action and that necessary to be shown in support of an indictment for involuntary manslaughter is given in *S. v. Rountree,* 181 N. C., 535, 106 S. E., 669. The exact language in which the law on this point was stated in that case was quoted with approval in *S. v. Whaley,* 191 N. C., 387, 132 S. E., 6; *S. v. Durham,* 201 N. C., 724, 161 S. E., 398; *S. v. Huggins,* 214 N. C., 568, 199 S. E., 926. The distinction was also clearly drawn in *S. v. Cope,* 204 N. C., 28, 167 S. E., 456.

The charge of the court in the instant case was in line with expressions contained in these and other cases on this subject. *S. v. Tankersley,* 172 N. C., 955, 90 S. E., 781; *S. v. Jessup,* 183 N. C.,'771, 111 S. E., 523; *S. v. Leonard,* 195 N. C., 242, 141 S. E., 736; *S. v. Satterfield,* 198 N. C., 682, 153 S. E., 155; *S. v. Agnew,* 202 N. C., 755, 164 S. E., 578; *S. v. Stansell,* 203 N. C., 69, 164 S. E., 580; *S. v. Harvell,* 204 N. C., 32, 167 S. E., 459; *S. v. Lancaster,* 208 N. C., 349, 180 S. E., 577.

In the trial we find

No error.