### STATE v. HARRY GRAY.

(Filed 28 April, 1943.)

**1. Intoxicating Liquors § 2—**

The Alcoholic Beverage Control Acts have not modified C. S., 3411 (b), in such a manner as to permit the purchase or sale of intoxicating liquors in Mecklenburg County, which has not authorized the establishment of A.B.C. stores.

**2. Criminal Law § 52b—**

Upon motion to nonsuit in a criminal case, the evidence must be considered in the light most favorable to the State, which is entitled to all reasonable inferences therefrom.

**3. Intoxicating Liquor §§ 6a, 9d—**

The acceptance by accused of liquor from one indebted to him, in part payment of the debt, constitutes, in Mecklenburg County, an unlawful purchase sufficient to support a verdict of guilty.

APPEAL by defendant from *Warlick, J.,* at January Term, 1943, of MECKLENBURG.

Criminal prosecution upon a warrant in which the defendant is charged with a violation of the liquor laws of North Carolina.

The defendant was tried on the warrant in the recorder's court in the city of Charlotte, convicted, and from the judgment entered thereon, appealed to the Superior Court.

The evidence disclosed that the officers searched the premises of the defendant on 19 December, 1942, and found four pints of liquor in his bedroom, two pints in the kitchen, and sixteen empty bottles.

A witness for the State testified that the defendant testified in his own behalf at the trial in the recorder's court, and said: "He had a fellow that owed him some money and brought him the liquor for part payment on the debt, for the money he owed him."

Verdict: Guilty of having purchased liquor in Mecklenburg County. From judgment on the verdict, the defendant appeals and assigns error.

*Attorney-General McMullan and Assistant Attorneys-General Patton and Rhodes for the State.*

*Henry L. Strickland for defendant.*

DENNY, J.  The only exceptions brought forward in the defendant's brief relate to the overruling of the motion for nonsuit and the instruction to the jury to the effect that the defendant would be guilty of the purchase of intoxicating liquors if the jury should find that he accepted the whiskey from some individual in Mecklenburg County as a payment on a debt.

The defendant was convicted of a violation of section 1, chapter 1, of Public Laws of 1923, section 3411 (b) of N. C. Code of 1939 (Michie), which provides in part that: "No person shall manufacture, sell, barter, transport, import, export, deliver, furnish, purchase, or possess any intoxicating liquor, except as authorized in this article . . ." This Act remains in full force in Mecklenburg County, except as modified by the Alcoholic Beverage Control Acts.  *S. v. Davis,* 214 N. C., 787, 1 S. E.

(2d), 104; *S. v. Carpenter,* 215 N. C., 635, 3 S. E. (2d), 34. The law has not been modified in such manner as to permit the purchase or sale of intoxicating liquors in Mecklenburg County, a county which has not authorized the establishment of A.B.C. stores. Therefore, the question presented on this appeal is whether or not the evidence as to the purchase of intoxicating liquors in Mecklenburg County was sufficient to carry the case to the jury.

The defendant contends there is no evidence that the liquor was delivered to him in Mecklenburg County, nor that it was purchased in Mecklenburg County; but, on the contrary, the evidence was to the effect that the liquor was purchased at a legal liquor store. This latter contention, the defendant contends, is sustained by the evidence offered by the State in introducing the tax-paid liquor which was seized in his home.

We think it immaterial where the liquor was purchased by the person who delivered it to the defendant. That question is not the issue here. The question is: Did the person deliver the liquor to the defendant in Mecklenburg County in part payment of a debt? If so, the charge to the jury was correct and the overruling of defendant's motion for judgment as of nonsuit was proper.

Upon a motion to nonsuit, the evidence must be considered in. the light most favorable to the State and it is entitled to all the reasonable inferences to be drawn therefrom. *S. v. Johnson,* 220 N. C., 773, 18 S. E. (2d), 358; *S. v. Mann,* 219 N. C., 212, 13 S. E. (2d), 247; *S. v. Landin,* 209 N. C., 20, 182 S. E., 689; *S. v. Casey,* 201 N. C., 185, 159 S. E., 337; *S. v. Carr,* 196 N. C., 129, 144 S. E., 698.

It will be noted that in a civil action, where the statute of limitations is pleaded, when goods are received upon an agreement in reduction of a debt, that is a payment sufficient to take the case out of the limitation law. 34 Am. Jur., p: 269, sec. 345; *Young v. Alford,* 113 N. C., 130, 18 S. E., 84; *White v. Beaman,* 96 N. C., 122, 1 S. E., 789. In the instant case the testimony of the defendant in his own behalf in the recorder's court was introduced in the trial below, to the effect that a party "owed him some money and brought him the liquor in part payment on the debt, for the money he owed him." The acceptance by the defendant of the liquor from one indebted to him in part payment of the debt constituted a purchase of the liquor. The evidence set forth in this record, allowing the State the benefit of the reasonable inferences to be drawn therefrom, is sufficient to support the verdict of the jury, finding the defendant guilty of having purchased liquor in Mecklenburg County.

In the trial below, we find

No error.