IN RE: INQUIRY CONCERNING A JUDGE, NO. 153, JAMES E. MARTIN,
RESPONDENT

No. 553A91

(Filed 8 January 1993)

**Judges, Justices and Magistrates § 36 (NCI4th) — censure of district court judge — reckless driving convictions when impaired driving charged**

> A district court judge is censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute based upon his convictions of defendants for reckless driving when they were charged with impaired driving and when he knew that such actions were improper and ultra vires. Canons 2A and 3A(1) of the Code of Judicial Conduct.

**Am Jur 2d, Judges §§ 19, 79.**

This matter is before the Court upon a recommendation by the Judicial Standards Commission, filed with the Court on 6 December 1991, that Judge James E. Martin, a Judge of the General Court of Justice, District Court Division, be censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute. Calendared in the Supreme Court 13 March 1992.

*No counsel for the Judicial Standards Commission or for the respondent.*

PER CURIAM.

The Judicial Standards Commission (Commission) notified Judge James E. Martin on 16 April 1991 that it had ordered a preliminary investigation to determine whether formal proceedings under Commission Rule 9 should be instituted against him. The subject matter of the investigation included allegations that the respondent had willfully engaged in the improper practice of convicting defendants of reckless driving in violation of N.C.G.S. § 20-140 when they were charged with impaired driving in violation of N.C.G.S. § 20-138.1.

On 2 October 1991 Special Counsel for the Commission filed a complaint alleging, *inter alia,*

## IN RE MARTIN

[333 N.C. 242 (1993)]

3. The respondent presided over the September 25, 1990, criminal session of Craven County District Court at which *State v. Richard Valles Villegas*, Craven County file number 90 CR 04682, was heard and presided over the December 7, 1990, criminal session of Pamlico County District Court at which *State v. John Towers Faulds*, Pamlico County file number 90 CR 113, was heard. In each case the defendant had been charged with and tried for driving while subject to an impairing substance in violation of G.S. 20-138.1. However, in each case the respondent found the defendant guilty of careless and reckless driving in violation of N.C.G.S. sec. 20-140, an offense with which neither defendant had been charged and to which neither had pleaded. The respondent rendered these guilty verdicts and entered judgments in the *Villegas* and *Faulds* cases knowing that they were improper . . . .

Respondent answered the complaint, admitting the truth of these allegations; he admitted "knowing that such actions were inappropriate."

On 8 November 1991 respondent was served with a Notice of Formal Hearing concerning the charges alleged. Respondent, through counsel, by letter addressed to the Commission, stated that he would waive any hearing and would rely upon the complaint and admissions in his answer. Respondent added in the letter that he recognized his mistake, that he had never intentionally done anything to bring the judicial office into disrepute or which was prejudicial to the administration of justice. He assured the Commission that his mistake was no more than an error in judgment that would not be repeated, and he urged that neither censure nor removal would be necessary to insure that such conduct would not be repeated.

A hearing was nevertheless held before the Commission on 22 November 1991. Respondent did not appear. Evidence was presented tending to support the allegations in the complaint. After hearing the evidence the Commission concluded that respondent's actions constituted

a. conduct in violation of Canons 2A and 3A(1) of the North Carolina Code of Judicial Conduct[1] and

---

1. Canon 2A of the North Carolina Code of Judicial Conduct provides: "A judge should respect and comply with the law and should conduct himself at all

IN RE MARTIN

[333 N.C. 242 (1993)]

b. willful misconduct in office and conduct prejudicial to the administration of justice that brings the judicial office into disrepute.

The Commission recommended that this Court censure the respondent. Respondent, through counsel, informed the Court that he elected not to petition the Court for a hearing.

Prior to the rewriting of section 20-140(c) of the North Carolina General Statutes in 1973, the offenses of reckless driving and driving under the influence of intoxicating liquor were regarded by the courts of this State as separate and distinct violations of the law, even when such charges arose out of the same transaction. *State v. Fields*, 221 N.C. 182, 183, 19 S.E.2d 486, 487 (1942); *State v. Craig*, 21 N.C. App. 51, 54, 203 S.E.2d 401, 403 (1974). As rewritten, however, section 20-140(c) provided that reckless driving was a *lesser included offense of driving while intoxicated*, as defined in section 20-138, the predecessor to section 20-138.1. Sections 20-138 and 20-140(c) were repealed effective 1 October 1983 as part of the Safe Roads Act. This legislation was intended, as its title indicated, "To Provide Safe Roads by . . . Providing an Effective Deterrent to Reduce the Incidence of Impaired Driving, and Clarifying the Statutes Related to Drinking and Driving." 1983 N.C. Sess. Laws ch. 435. By repealing section 20-140(c) the legislature clearly intended to return the offenses of reckless driving and impaired driving to their status as separate offenses. The purpose of the repeal was to eliminate the ability of courts to treat *reckless driving as a lesser included offense of impaired driving.*

Separate offenses must be separately charged:

[A]n indictment . . . is insufficient to charge the accused with the commission of a minor offense, or one of less degree, unless, in charging the major offense, it necessarily includes within itself all of the essential elements of the minor offense or sufficiently sets them forth by separate allegations in an added count.

41 Am. Jur. 2d *Indictments and Informations* § 97 (1968). There can be no conviction for a crime without formal and sufficient

times in a manner that promotes public confidence in the integrity and impartiality of the judiciary." Canon 3A(1) provides, in pertinent part: "A judge should be faithful to the law and maintain professional competence in it. . . ."

accusation. "In the absence of an accusation the court acquires no jurisdiction whatever, and if it assumes jurisdiction a trial and conviction are a nullity." *McClure v. State*, 267 N.C. 212, 215, 148 S.E.2d 15, 17 (1966) (quoting 42 C.J.S., *Indictments and Informations*, § 1 (1944)).

We have carefully examined the evidence presented to the Commission and conclude that the Commission's findings of fact are supported by clear and convincing evidence and by admissions in the pleadings. *See generally, e.g., In Re Harrell*, 331 N.C. 105, 110, 414 S.E.2d 36, 38 (1992). Convicting defendants of reckless driving when they were charged with driving while impaired were acts which respondent knew to be improper and *ultra vires*, or beyond the powers of his office.

We conclude that respondent's actions constitute conduct in violation of Canons 2A and 3A(1) of the Code of Judicial Conduct. We wish to make it clear that respondent's actions did not result from error of judgment nor error of law. Judges may not be disciplined for these kinds of errors. Respondent is being disciplined because he purported to exercise jurisdiction when he knew none existed. Judges especially must be vigilant to act within the bounds of their judicial power. When judges knowingly act beyond these bounds, it amounts to willful misconduct which brings the judicial office into disrepute and prejudices the administration of justice. In such cases censure at least is proper.

A proceeding before the Judicial Standards Commission is "an inquiry into the conduct of one exercising judicial power . . . . Its aim is not to punish the individual but to maintain the honor and dignity of the judiciary and the proper administration of justice." *In re Harrell*, 331 N.C. at 110, 414 S.E.2d at 38 (quoting *In Re Nowell*, 293 N.C. 235, 241, 237 S.E.2d 246, 250 (1977)).

Now, therefore, it is ordered that the respondent, Judge James E. Martin, be, and he is hereby, censured for the conduct determined herein to be conduct prejudicial to the administration of justice and which brings the judicial office into disrepute.