**IN RE FULLER**

[345 N.C. 157 (1996)]

IN RE: INQUIRY CONCERNING A JUDGE, No. 198 GEORGE T. FULLER, Respondent

No. 348A96

(Filed 6 December 1996)

**Judges, Justices, and Magistrates § 36 (NCI4th)— district court judge—negotiating plea—censure rejected**

A recommendation by the Judicial Standards Commission that a judge be censured was rejected where respondent presided over a trial in which a defendant was charged with failure to stop for a stopped school bus; after hearing the State's evidence, respondent felt there was insufficient evidence to convict defendant and that some type of speeding violation was more appropriate; respondent inquired of counsel whether defendant would be willing to enter some lesser plea; defendant indicated that he would enter a plea of exceeding a safe speed; the State inquired as to whether respondent intended to accept a plea that the State had rejected in pretrial negotiations; respondent accepted the plea; a motion for appropriate relief was filed; and respondent set aside the plea and entered a plea of not guilty. It is the responsibility of the trial judge to accept or reject a plea negotiated between the district attorney and defendant; it is not within the trial judge's province to negotiate a plea or enter judgment on a plea to a charge which is not a lesser included offense of the charge at issue. However, the respondent's conduct here was not of such character as to bring the judicial office into disrepute.

**Am Jur 2d, Judges § 20.**

**Removal or discipline of state judge for neglect of, or failure to perform, judicial duties. 87 ALR4th 727.**

This matter is before the Court upon a recommendation by the Judicial Standards Commission (Commission), filed with the Court on 8 August 1996, that Judge George T. Fuller, a Judge of the General Court of Justice, District Court Division, Twenty-Second Judicial District of the State of North Carolina, be censured for conduct prejudicial to the administration of justice that brings the judicial office into disrepute, in violation of Canons 2A and 3A(1) of the North Carolina Code of Judicial Conduct. Calendared in the Supreme Court 15 November 1996.

*No counsel for Judicial Standards Commission or for respondent.*

**IN RE FULLER**

[345 N.C. 157 (1996)]

ORDER REJECTING CENSURE.

The evidence stipulated to and presented during these proceedings shows the facts to be as follows:

On 9 June 1995, respondent presided over a trial in which the defendant was charged with failure to stop for a stopped school bus in violation of N.C.G.S. § 20-217. The defendant entered a plea of not guilty. Respondent, after hearing the evidence offered by the State, felt there was insufficient evidence to convict the defendant of the charge of passing a stopped school bus. Respondent's testimony before the Judicial Standards Commission, which was uncontroverted, is set out below:

> On the conclusion of the testimony of [the State's witnesses], the State rested. Mr. Homesley made a motion to dismiss at the close of the State's evidence. At that time it was my feeling that under the circumstances and facts of this situation that it was a young and inexperienced driver, it was a bus stop located in a place where visibility was poor, and that all of the evidence from the State's witnesses indicated it was not a deliberate act of not wanting to stop but being unable to stop due to the speed.

> It was my opinion at that point that it was more appropriate as an exceeding safe speed or some type of speeding situation than a passing stopped school bus violation.

> I called the counsel, Mr. Homesley and Ms. Gullett, to the bench and inquired as to whether the defendant would be willing to enter into some lesser plea. Mr. Homesley spoke with his client and told the court that his client would enter a plea of exceeding safe speed. At that point Ms. Gullett inquired as to whether the court intended to accept the plea that they had—that the State had rejected in pretrial negotiations.

> At that point I told her that was my intention. Mr. Homesley tendered the plea. I announced that the court accepted it and entered judgment accordingly.

Subsequently, on 12 October 1995, respondent was asked to rule on a motion for appropriate relief concerning the above matter, which had been filed by an assistant district attorney on 15 June 1995. Respondent testified concerning the motion for appropriate relief as follows:

IN RE FULLER

[345 N.C. 157 (1996)]

I was considering the facts of the case at the time that I entered— accepted the plea and entered the judgment and was attempting to make the facts fit the offense, what I felt had taken place, and was more interested in doing justice than I was in technically following the law.

When I received the motion for appropriate relief, I immediately saw that it was based on meritorious grounds; that it was not in fact a lesser included offense and I granted the motion to set aside. At that point there had been no verdict by the court at the close of the State's evidence. There had been a plea. I accepted that plea; and when I set aside that plea, we were back at the close of the State's evidence.

Mr. Homesley was present and Ms. Gullett was present. And if I recall correctly, I said that, "We've heard State's evidence. Is there anything that you wish to offer, Mr. Homesley?" And he said no and [I] entered a verdict of not guilty, which is what I should have done back in June under the facts of this case, under the circumstances as I saw them at that time.

Based upon these and other findings of fact and conclusions of law, the Commission recommended that this Court censure the respondent.

A proceeding before the Judicial Standards Commission is "an inquiry into the conduct of one exercising judicial power . . . . Its aim is not to punish the individual but to maintain the honor and dignity of the judiciary and the proper administration of justice." *In Re Nowell*, 293 N.C. 235, 241, 237 S.E.2d 246, 250 (1977). The recommendations of the Commission are not binding upon the Supreme Court, and this Court must consider all the evidence and exercise its independent judgment as to whether it should censure the respondent, remove him from office, or decline to do either. *In re Martin*, 295 N.C. 291, 301, 245 S.E.2d 766, 772 (1978).

*In re Bullock*, 328 N.C. 712, 717, 403 S.E.2d 264, 266 (1991). Pursuant to N.C.G.S. § 7A-377, this Court is provided with three options concerning the recommendation of the Judicial Standards Commission: "The Supreme Court may approve the recommendation, remand for further proceedings, or reject the recommendation." N.C.G.S. § 7A-377 (1995).

This Court has previously noted that where an improper verdict is entered knowingly by a judge, the judge has acted beyond the

IN RE FULLER

[345 N.C. 157 (1996)]

scope of his powers. *See In re Martin*, 333 N.C. 242, 424 S.E.2d 118 (1993) (district court judge censured based upon his conviction of defendants for reckless driving when they were charged with impaired driving and when he knew that such actions were improper and *ultra vires*). In the present case, however, the facts and circumstances differ from *Martin*. In *Martin*, the defendants were charged with driving while impaired but were found guilty by the judge of reckless driving, an offense with which neither defendant had been charged and to which neither had pleaded. *Id.*

Here, the defendant was charged with failure to stop for a stopped school bus, and the respondent inquired as to whether defendant would plead to exceeding a safe speed. Defendant agreed to this plea, and it was subsequently entered. Additionally, in the present case, when respondent received a motion for appropriate relief and saw that it was based on meritorious grounds, the respondent corrected his prior action by withdrawing the plea and ruling on the case by finding defendant not guilty of the initial charge.

After careful consideration, we conclude respondent's conduct does not rise to the level of conduct prejudicial to the administration of justice that brings the judicial office into disrepute within the meaning of N.C.G.S. § 7A-376 so as to warrant censure by this Court.

> Conduct prejudicial to the administration of justice that brings the judicial office into disrepute has been defined as "conduct which a judge undertakes in good faith but which nevertheless would appear to an objective observer to be not only unjudicial conduct but conduct prejudicial to public esteem for the judicial office."

*In re Edens*, 290 N.C. 299, 305-06, 226 S.E.2d 5, 9 (1976) (quoting *Geiler v. Commission on Judicial Qualifications*, 10 Cal. 3d 270, 284, 515 P.2d 1, 9, 110 Cal. Rptr. 201, 209 (Cal. 1973), *cert. denied*, 417 U.S. 932, 41 L. Ed. 2d 235 (1974)).

Respondent erred by soliciting and accepting the plea to exceeding a safe speed. However, when the error of accepting the plea was called to his attention, respondent promptly corrected his mistake. We emphasize to the judiciary that it is solely the responsibility of the district attorney's office to negotiate and tender pleas. It is the responsibility of the trial judge to accept or reject a tendered plea negotiated between the district attorney and defendant. It is not within the trial judge's province to negotiate a plea or enter judgment

on a plea to a charge which is not a lesser included offense of the charge at issue. *See* N.C.G.S. § 15-170 (1983); *State v. Thomas*, 325 N.C. 583, 386 S.E.2d 555 (1989).

However, under these facts, respondent questioned whether defendant was guilty of the offense charged. Initially, rather than enter a judgment of not guilty, respondent sought to enter a plea which conformed with defendant's action. While we do not condone respondent's actions in asking for and taking the plea, we conclude that the conduct complained of is not of such character as to bring the judicial office into disrepute. The Court, accordingly, rejects the recommendation of the Commission that respondent be censured.

Now, therefore, it is, pursuant to N.C.G.S. §§ 7A-376 and -377 and Rule 3 of the Rules for Supreme Court Review of Recommendations of the Judicial Standards Commission, ordered that the recommendation of the Commission that Judge George T. Fuller be censured be and it is hereby rejected.

Done by order of the Court in Conference, this the 5th day of December 1996.

s/Orr, J._____
For the Court