Ruffin, C. J.
 

 Robert Galloway was seized in fee of certain lands, and made his will, and therein devised as follows: “My will is, that my plantation, called Eagle Falls, remain in possession of my wife, Susan, during her widowhood, or until my son, Robert, arrive at the age of 21. I direct all my negroes to be kept on the said plantation during the widowhood of my wife, or until one of my daughters, Mary or Cora, shall marry, or my son, Robert, arrive at the age of 21; upon the happening of either of which events, the said negroes to be disposed-of as hereinafter directed. I will that out of the proceeds of the said plantation, the expenses of my wife and the family be annually paid, and if there be a surplus of proceeds, that it be equally divided between my wife and my three children. I give to my wife one-third of my negroes — the division to be made immediately upon her intermarriage, unless it shall* have been made- sooner, to carry into effect the devises hereinafter made to my children. I give to my three children, Mary, Robert and Cora, all my negroes not given to my wife, — the division to be made upon the death or marriage of my wife, the marriage of either of my daughters, or the arrival of my son, Robert, to the age of 21, whichever shall first happen. I also give my three children all my tract of land called Eagle Falls, one- third of which is hereafter devised to my wife during her life, to them and their heirs, to be equally divided ; the two-thirds of which is tobe taken possession of immediately upon the marriage of my wife, and the other third at her death. I give to my •wife one-third part of my plantation, called Eagle Falls, during her natural life, it being in lieu of her dower. 1 give to my children all the residue of my estate. Should
 
 *179
 
 either of my children die, my will is, that the portion or portions of the child or children dying shall be equally divided between my wife and my surviving child or children.”
 

 The daughter, Mary, intermarried with Nathaniel W. Williams, and had issue a daughter, Susan Williams, and died before her brother Robert arrived to 21; and when he came to that age, he and the daughter, Cora, and her husband, William F. Carter, and the infant Susan Williams, filed this bill against Mrs. Galloway and N. W. Williams, praying that one-third of the Eagle Falls plantation might be laid off to Mrs. Galloway, for the term of her life, and that the residue of that tract, including the reversion in the part so allotted to Mrs. Galloway, might be sold for the purpose of partition between Robert Galloway, Carter and wife, and the infant Susan, to each one-third of the proceeds, subject to the right of her father, Nathaniel W. Williams, as tenant by the curtesy, in the share falling to Su*san Williams, entitled thereto. It was, by consent of all parties, decreed that Mrs. Galloway’s third part of the plantation should be laid off to her, and further, without prejudice to the rights of any of the parties in the proceeds, that all the land, except Mrs. Galloway’s interest for life, should be sold. In obedience to the decree 425 acres of the Eagle Falls (consisting in the whole of 1255 acres) were laid off for Mrs. Galloway, including the mansion house and out houses, and then the master sold the whole Eagle Falls tract, for $10,000, and reported the sale, and it was confirmed. It was then referred to the master to set a value on the interest of Nathaniel Williams, as tenant by the cur-tesy in the fund, and- he reported the shave of the infant. Susan, after deducting expenses of the proceeding, to be $3280 36 2-3, being one third part of the whole proceeds of the sale, and that her father Nathaniel Williams was en
 
 *180
 
 titled to the profits of the whole thereof daring his life, as: tenant by the curtesy, and he set thereon the sum of $1372 68, as the present value thereof, taking into consideration his age and health. A doubt then arose, whether he was entitled to any part of the fund, as tenant by the curtesy, and, if any, to what part; and on behalf of his daughter, an exception was taken to the report, presenting that point, which was overruled ; and then an appeal was allowed therefrom, in order to take the opinion of this Court on the single question of Mrs. Williams’ interest.
 

 The, question depends on the estate given by the will lo-Mrs. Galloway. It is confined to the Eagle Falls plantation, and, so far as it was an estate of freehold up to the-death of Mrs. Williams, the husband is not entitled. But as far as it is a term for years, he is entitled : for a term does not exclude the actual seisin of the husband and wife, whether they receive rent or not, since the possession of the term is that of the reversioner.
 
 DeGray
 
 v.
 
 Richard, son,
 
 3 Atk. 469—Co. Lit. 29, a note 1. The dispositions in the will do not come in the regular order, in which from their nature they would be expected. But that cannot affect the construction, when the intention is clear: audit seems to be so here In the first place, then,
 
 the
 
 clause in the latter part of the will expressly gives to Mrs. Galloway an estate for life in one third pait of Eagle Falls immediately and absolutely. In that part of the land; therefore, the daughter Mary could have no seisin during her coverture, and her surviving husband is not entitled as tenant by the curtesy. The report was therefore erroneous in taking the value of the reveision in ihe 425 acres, allotted to Mrs. Galloway, into the estimate of the fund, in which he calculated the proportion thereof, to which Mrs. Williams would be entitled as the present value of his life estate. But in all other respects the Court considers the report to be foun
 
 *181
 
 ded on a correct basis : and hold Mrs. Williams to be entitled to be tenant by the curtesy in all the real estate except the 425 acres. As to all the land, except the Eagle Falls, there is no question made. Besides the one third given absolutely to the wife for life, the testator begins his will by giving her the whole of Eagle Falls, for the maintenance of herself and the children, during her widowhood or the minority of his only son : and the necessary construction of that is, that she is to have until one of those events, which shall soonest happen. The interest could not extend beyond her widowhood, though she might marry before her son arrived at 21. So, it could not go beyond' the son’s full age, though she might be then unmarried.— Therefore, at most, she had an estate which could only last during the term of the son’s minority — that is, a term for years. If is like the common case of limiting a term to one for 100 years, if he live so long, in which case, though he have the term for life, he is yet but a termor.
 

 But it is argued that in the gift of Eagle Falls to the children, themselves, in the subsequent clause, there is, by implication, an enlargement of the estate of the wife in the whole tract for her life. -The words are : “ I give to my three children all my tract of land, called Eagle Falls — one-third part of which is hereafter devised to my wife during her life — to them and their heirs, to be equally divided: the two-thirds of which is to be taken possession of immediately upon the marriage of my wife and the other third ‘ at her death.” The argument is, that the children are not to take, at all events, any part of Eagle Falls until the wife shall marry ; and that, although by the express gift of the whole to her, in the first clause of the will, she did not get ■ an estate
 
 durante viduitate
 
 absolutely, but only during the-continuing of her widowhood, arid of her son’s minority, yet in this latter clause, the children- are to take only on'
 
 *182
 
 her marriage, and not on the arrival at full age of the son ; and, therefore, that the estate is not given to "them for the .period between the full age of the son and the marriage of the mother, (which has not happened) but, by implication, •vested in her.' But the Court cannot adopt that contstruc-tiop; It is true, that a devise to the heir after the death or marriage of the widow, by itself, raises, by necessary implication, an estate in the widow during life or widowhood. The reason is, that it is absurd, under such a disposition, that the heir should take while the widow lives oris single, as,the heir must do unless the widow take. But that implication is open to being rebutted upon a,plain intent-; and here a similar absurdity would result from allowing such •ap implication in favor of the widow. For, by one clause of the will, he gives her the whole tract expressly during her widowhood, or the nonage of his son, and by another clause, upon the happening of either of those events, he expressly gives her one third of the .tract absolutely for her life-.; .which certainly excludes the least supposition, that affer the coming of age of the son, she could still keep the whole during her widowhood. Although in the clause containing the particular gift of Eagle Falls to his children, the testator does not say they shall have the two thirds in possession upon
 
 the
 
 full
 
 age of the
 
 son, as well as upon the sooner marriage of his wife, yet this was unquestionably the intention, as gathered from the other dispositions in favor-of the wife. That construction is fortified by the scope of •the will in other respects, seeing that upon the coming of age-of the son, at furthest, the negroes were to be taken from the plantation and divided, thus.leaving a very inadequate-force for it? cultivation.- Upon the whole, therefore, flap Court-, .is', of opinion, that there was a seisin of Mrs, Mfilliams in her* share of all the lands except the third given to her mother for life, and that her husband is tenant
 
 *183
 
 by the curtesy thereof. As the reversion in that one third, however, was sold with the other lands for the whole sum. of $10,001, a value must be set on it, and deducted from the whole price, and Mrs. Williams must he declared to be entitled to be tenant by the curtesy in the remaining fund.. To that extent the decree must, be reversed with costs, and certified to the Court of Equity.
 

 As there is no other period designated in the last clause of the will, either expressly or by implication, for the death/ of a child or children, upon which the survivors are to take the share of one dying, it is, of course, that the death, of the testator is the era, as the only alternative to an indefinite, period, which is always to be avoided, if possible, especially as it would leave the issue of a dying child without any. provision ;
 
 Cox
 
 v
 
 Hogg,
 
 2 Dev. Eq. 121. Oí course, then, that limitation over never took effect.
 

 Per Curiam, Declared accordingly.