### STATE v. ISSAC V. DEWITT.

(Filed 27 April, 1960.)

**1. Homicide § 26—**
　　In a prosecution for involuntary manslaughter, a charge which fails to define culpable negligence and proximate cause must be held for error.

**2. Criminal Law § 107—**
　　The court has the affirmative duty of instructing the jury as to the law applicable to the facts in the case, and this duty is not discharged by a mere statement of the State's contentions.

APPEAL by defendant from *Williams, J.,* December, 1959 Term, JOHNSTON Superior Court.

Criminal prosecution upon indictment charging involuntary manslaughter. At the trial the defendant was not represented by counsel. The evidence tended to show that about one o'clock, P. M., August 16, 1959, the defendant was driving a Ford station wagon north on U. S. Highway 301 in Johnston County Eye-witnesses stated he was driving 70 miles per hour, darting in and out of traffic, passing other vehicles also going north. As he attempted to pass a vehicle near a bridge over Holt Lake, the gap between two cars in front closed and, in attempting to cut back too quickly into his line of traffic, he lost control of the vehicle, skidded across the center line into the line for south-bound traffic, and collided head-on with a Chevrolet driven south by Mrs. Thelma Laura Richmond, who was killed in the accident. The collision occurred about the center of the bridge. The defendant's vehicle left skid marks 100 feet and Mrs. Richmond's left skid marks about 75 feet. The defendant had an unobstructed view of the highway to the north of the bridge for at least one-fourth mile.

The jury returned a verdict of guilty as charged. The court imposed a sentence of not less than 10 nor more than 15 years. The defendant excepted and appealed.

*T. W. Bruton, Attorney General, Harry W. McGalliard, Assistant Attorney General for the State.*

*Canaday & Canaday, By: Harry E. Canaday for defendant, appellant.*

HIGGINS, J. The defendant relies for a new trial on two assignments of error. Both relate to the court's charge to the jury. The defendant, now represented by counsel, urgently contends the court gave such undue stress and emphasis to the contentions and evidence for the State as to constitute the charge a powerful summing up for the prosecution.

The somewhat more tangible assignment is addressed to the court's failure properly to define the crime charged in the bill of indictment. Aside from one or two casual references in giving the State's contentions, the following is the sum total of the court's instructions on involuntary manslaughter: "Manslaughter is a degree of murder which is divided into three degrees: murder in the first degree; murder in the second degree, and, manslaughter. You are not concerned with murder in the first degree, or murder in the second degree, which has a different definition. Manslaughter arises when there is an unlawful killing. It does not have to be with malice, but it is caused by an unlawful act which constitutes manslaughter."

In cases of involuntary manslaughter, in order to convict, the State must show culpable negligence. *State v. Stansell*, 203 N.C. 69, 164 S.E. 580; *State v. Cope*, 204 N.C. 28, 167 S.E. 456; *State v. Mundy*, 243 N.C. 149, 90 S.E. 2d 312. "An intentional, wilful or wanton violation of a statute or ordinance, designed for the protection of life or limb, which proximately results in injury or death, is culpable negligence. . . . Proof of culpable negligence does not establish proximate cause. To culpable negligence must be added that the act was a proximate cause of death to hold a person criminally responsible for manslaughter." *State v. Phelps*, 242 N.C. 540, 89 S.E. 2d 132; *State v. Lowery*, 223 N.C. 598, 27 S.E. 2d 638; *State v. Satterfield*, 198 N.C. 682, 153 S.E. 155.

The court made no attempt to define proximate cause, and mentioned the term only in the statement of the State's contentions. The court should have instructed the jury as to the law applicable to the facts in the case. This requirement is an affirmative duty placed on the presiding judge. The duty is not fulfilled by merely endorsing the State's contentions. The defendant's assignment of error is sustained, for which the defendant is entitled to a

New trial.