STATE *v.* FRYE.

---

STATE OF NORTH CAROLINA v. LONNIE DEAN FRYE.

(Filed 10 July 1968.)

**1. Homicide § 21—**

Evidence in this case *held* sufficient to be submitted to the jury on the question of defendant's guilt of voluntary or involuntary manslaughter.

**2. Homicide § 30—**

Where, in a prosecution for homicide, the case is submitted to the jury upon the charge of manslaughter, and the defendant is entitled to a verdict of guilty of either voluntary or involuntary manslaughter or of not guilty, a verdict of "guilty of manslaughter" should be set aside for ambiguity.

**3. Homicide § 27—**

An instruction in a homicide prosecution which charges that the jury could return a verdict of guilty of either voluntary or involuntary manslaughter or of not guilty, but which later charges that the jury could return a verdict of guilty of manslaughter or of not guilty, and which, in addition, fails to apply the law to the evidence relating to involuntary manslaughter, G.S. 1-180, is apt to confuse the jury and is error.

**4. Homicide § 23—**

Where the defendant pleads not guilty in a prosecution for homicide, it is the duty of the trial court to instruct the jury as to every essential element of the crime charged, including that of proximate cause.

**5. Criminal Law § 24—**

A plea of not guilty puts in issue every essential element of the crime charged.

**6. Homicide § 26—**

Where the question of defendant's guilt of the crime of voluntary or involuntary manslaughter is submitted to the jury, the defendant pleading not guilty, the court must instruct the jury that they should return a verdict of not guilty if the State failed to satisfy them from the evidence beyond a reasonable doubt that the blows inflicted upon the deceased by the defendant proximately caused his death, and the failure to do so is prejudicial error.

APPEAL by defendant from *Falls, J.,* 29 January 1968 Mixed Session of Superior Court of CATAWBA County.

Defendant was tried upon a bill of indictment charging him with murder of Eugene C. Combs on 14 October 1967. Upon the call of the case for trial, the solicitor announced that he would not ask for a verdict of guilty of murder in the first degree but would ask for a verdict of guilty of murder in the second degree or manslaughter.

The evidence tends to show that on 14 October 1967 the defendant and Eugene C. Combs, the deceased, were in the Longview section of Hickory inside a service station, and after having had an argument, they engaged in a fight. The deceased had threatened to kill the defendant and picked up a bottle which was taken away from him. The defendant had picked up a bottle crate and threatened to hit the deceased on the head with it but did not and put it down. Shortly thereafter while the argument continued, the deceased Combs took a step toward the defendant with one hand in his pocket, whereupon the defendant struck the deceased in his side, knocking

him down. As the deceased fell, he struck the counter and fell to the floor. The defendant then struck the deceased three times on the back of his neck as he lay upon his face on the floor before he was pulled away. Neither of them at the time of the actual fight had a weapon. This occurred in late afternoon and before 7:15 p.m. The defendant died before midnight on that date. The medical witness, Dr. John Reece, who performed the autopsy, testified that the death of the deceased resulted from extensive hemorrhage of the brain produced by trauma resulting in fractures at the base of the brain and that external blows to the head, face and neck could have produced the extensive hemorrhage of the brain causing his death.

At the close of the State's evidence, upon motion of the defendant, the charge of second degree murder was dismissed, and the case was submitted to the jury upon the charge of manslaughter. From a verdict of "guilty of manslaughter" and a sentence of imprisonment, the defendant appeals to the Court of Appeals.

*Attorney General T. W. Bruton and Assistant Attorney General Bernard A. Harrell for the State.*

*Joe P. Whitener and Larry W. Pitts for the defendant.*

MALLARD, C.J. Defendant made sixteen assignments of error based on over thirty exceptions and brings forward and argues fifteen of the assignments of error in his brief.

Since a new trial is ordered, we do not deem it necessary to the decision in this case to discuss all of the assignments of error, some of which are without merit.

We deem it proper to say, however, that there was ample evidence in this case for the jury to pass upon the guilt or innocence of the defendant as to the crime of manslaughter. The defendant's motion for judgment as of nonsuit made at the close of all the evidence was properly overruled.

The jury returned a verdict of "guilty of manslaughter." In this case the defendant was entitled to have the jury specify whether it was voluntary or involuntary manslaughter. The verdict should have been set aside for ambiguity. *State v. Fuller,* 270 N.C. 710, 155 S.E. 2d 286.

There are also errors in the charge which require the case to be returned to the superior court for a new trial. Included in the charge is the following statement with reference to the different verdicts that the jury might return:

"I instruct you, however, that you have the right under the evidence in this case to render one of three verdicts. You may

find the defendant guilty of manslaughter; you may find the defendant guilty of involuntary manslaughter, or, you may find him not guilty. So your charge is to say, by your verdict, whether the defendant is guilty of manslaughter, either voluntary or involuntary, or, not guilty of any offense, is a matter solely for you to determine and say by your verdict which of these offenses, if any, he be guilty of."

Later in the charge the court instructed the jury with respect to its different verdicts, as follows:

"Therefore, members of the jury, it becomes your duty to determine by your verdict whether the defendant is guilty of manslaughter or whether he is not guilty."

We are of the opinion that the above conflicting statements with respect to what verdict the jury could return was confusing and is error.

The court gave definitions of voluntary manslaughter and involuntary manslaughter, to which there was no exception, and omitting the element of proximate cause, applied the law to the evidence relating to the crime of voluntary manslaughter, which was sometimes referred to only as "manslaughter." The court did not apply the law to the evidence relating to involuntary manslaughter. G.S. 1-180. We are of the opinion that these references by the judge to voluntary manslaughter, involuntary manslaughter, and manslaughter, without accurately distinguishing the three terms, may have confused the jury.

It was the duty of the judge to instruct the jury as to every essential element of the crimes of voluntary manslaughter and involuntary manslaughter, including the essential element of proximate cause. A plea of not guilty puts in issue every essential element of the crime charged. The jury was not instructed that they should return a verdict of not guilty if the State failed to satisfy them from the evidence beyond a reasonable doubt that a blow, or blows, inflicted upon Combs by the defendant Frye proximately caused his death. G.S. 1-180; *State v. Ardrey,* 232 N.C. 721, 62 S.E. 2d 53; *State v. Ramey,* 273 N.C. 325, 160 S.E. 2d 56.

Defendant contends, and we agree, that the court's failure to charge on the essential element of proximate cause, and to apply the law to the evidence relating to involuntary manslaughter was error. On account of such prejudicial error, defendant is entitled to a

New trial.

BROCK and PARKER, JJ., concur.