STATE OF NORTH CAROLINA v. ELLIS EARL MIZELLE

No. 716SC576

(Filed 15 December 1971)

Homicide §§ 23, 27— manslaughter case — instructions on proximate cause
     A manslaughter prosecution is reversed for failure of the trial judge ·to give a sufficient instruction on proximate cause.

APPEAL from *Cowper, Judge*, 15 April 1971 Session of HERTFORD Superior Court.

The defendant was tried pursuant to a bill of indictment charging him with manslaughter. To the charge the defendant entered a plea of not guilty. The jury returned a verdict of guilty and from a sentence of imprisonment with a recommendation of work release the defendant appealed.

The evidence on behalf of the State tended to show that about 9:00 o'clock p.m. on 16 January 1971, the defendant was operating a 1968 Ford automobile on Tunis Road going north in the direction of Tunis. The road is also known as Rural Paved Road #1402. The weather was clear, the road was dry, the area was unlighted and wooded. The posted speed limit was 35 m.p.h. The defendant was operating at a speed of approximately 50 m.p.h. The defendant was under the influence of an intoxicating beverage. The defendant came upon a Ford pickup truck which was unlighted and headed in a northerly direction in the traveled portion of the road in the lane of travel the defendant was on. The Ford pickup truck was being pushed off the road by William Thurman Willoughby of Ahoskie. Willoughby was the owner of the truck, and the truck at the time was being guided by Andrew Lee Flood. Willoughby was in an intoxicated condition. The defendant failed to see Willoughby and the truck in time to avoid striking them with his vehicle. The defendant did apply the brakes to his vehicle and caused it to leave skid marks on the surface road for approximately 28 feet before striking Willoughby and crushing him against the rear of the truck producing death.

*Attorney General Robert Morgan by Deputy Attorney General R. Bruce White, Jr., and Assistant Attorney General Ladson F. Hart for the State.*

*Cherry, Cherry & Flythe by Joseph J. Flythe for defendant appellant.*

CAMPBELL, Judge.

The defendant makes numerous assignments of error in the trial, but since a new trial is being ordered on one assignment of error, we will refrain from discussing the others as they may not arise on a new trial.

The defendant assigns as error the failure of the trial judge to instruct the jury on proximate cause.

Robinson v. Highway Comm. and Roberts v. Highway Comm.

We think this assignment of error is well taken. The trial judge instructed the jury that if Willoughby's death "was the natural and probable result of" the defendant's acts, then a verdict of guilty of involuntary manslaughter would follow. This was all the definition of proximate cause given by the trial judge and apparently was taken from pattern jury instructions for criminal cases in North Carolina.

This instruction is not sufficient as it fails to inform the jury as to the element of proximate cause. "To hold a person criminally responsible for a homicide his act must have been a proximate cause of the death." *State v. Satterfield,* 198 N.C. 682, 153 S.E. 155 (1930); *State v. Phelps,* 242 N.C. 540, 89 S.E. 2d 132 (1955); *State v. DeWitt,* 252 N.C. 457, 114 S.E. 2d 100 (1960).

Foreseeability is a requisite of proximate cause. We have previously pointed this out and ordered a new trial where a proper definition of proximate cause was not given in a civil action. *Keener v. Litsinger,* 11 N.C. App. 590, 181 S.E. 2d 781 (1971). It is all the more imperative that all of the necessary elements including a correct definition of proximate cause to be given in a criminal case.

New trial.

Judges MORRIS and PARKER concur.