STATE OF NORTH CAROLINA v. JOHN CARL LANE, JR.

No. 938SC459

(Filed 7 June 1994)

1.  **Homicide § 216 (NCI4th)— assault as cause of death— sufficiency of evidence**

    There was sufficient evidence in a prosecution for involuntary manslaughter from which a reasonable jury could find that defendant's punch was the actual cause of a blunt force injury to decedent's head, leading directly to his death.

    **Am Jur 2d, Homicide §§ 432 et seq., 455.**

2.  **Homicide § 216 (NCI4th)— assault as proximate cause of death—sufficiency of evidence**

    A jury could reasonably infer that defendant's assault started a series of events culminating in decedent's death, and the assault therefore constituted a proximate cause of the death; furthermore, defendant could not be excused from responsibility because of decedent's pre-existing condition, alcoholism, which rendered him less able to withstand the assault.

    **Am Jur 2d, Homicide §§ 432 et seq., 455.**

3. **Homicide § 396 (NCI4th)— requested instruction—no supporting evidence—denial proper**

The trial court did not err in refusing to give defendant's requested instruction that defendant's assault caused decedent to fall and strike his head on the pavement, since such instruction was not supported by the evidence.

**Am Jur 2d, Homicide §§ 496, 497.**

4. **Homicide § 424 (NCI4th)— intentional infliction of wound—foreseeability omitted from proximate cause instruction—no error**

Because defendant admitted intentionally inflicting a wound upon decedent, who was highly intoxicated, by hitting him in the head, the trial judge properly omitted the element of foreseeability in his proximate cause instruction.

**Am Jur 2d, Homicide § 506.**

Appeal by defendant from judgment entered 26 June 1992 by Judge Paul M. Wright in Wayne County Superior Court. Heard in the Court of Appeals 1 March 1994.

On the evening of 17 September 1990, nineteen-year-old defendant and his two cousins, Steve Coor and Rodney Coor, left defendant's home in Goldsboro, North Carolina and walked around the corner to a Jet Service Station to purchase some beer. On their way home, defendant and Steve Coor turned around to observe Rodney walking with and talking to a highly intoxicated white male, who was staggering along Grantham Street, a four-lane highway otherwise known as Business Route 70.

Steve Coor testified that he told the man with Rodney to be careful in the street. The man responded by swearing and making gestures. Steve and Rodney saw defendant swing at the man, and saw the man fall on the cement on the edge of Grantham Street. Defendant, Rodney and Steve continued to walk home.

At 9:48 p.m., Sergeant M.A. Cruthirds of the Goldsboro Police Department responded to a call regarding a white male lying in the road at one corner of Grantham Street. Sergeant Cruthirds discovered Gregory Linton lying in the road, three feet from the curb. Two women were kneeling on either side of Linton. One of the women told Cruthirds that Linton's signs were good. Rescue personnel

STATE v. LANE

[115 N.C. App. 25 (1994)]

arrived at the scene. Cruthirds applied pressure behind Linton's ear to which Linton responded by trying to remove Cruthirds' hand. After determining that there was no sign of injury, and that Linton was only intoxicated, the rescue team left, and Sergeant Cruthirds took Linton into custody and placed him in the Wayne County jail for public drunkenness.

Linton was taken to the hospital the following day, 18 September 1990, around 4:30 p.m. He was unconscious. He had a blood alcohol concentration level of .34 percent on the breathalyzer scale at the approximate time of his arrival at the hospital. Linton died at 6:30 p.m. on 20 September 1990. An autopsy revealed no external injuries, but did reveal a subdural hematoma on the right side of the brain, a swollen brain, brain contusions or bruises, pneumonia on the lungs, and fatty change of the liver, which is most commonly caused by alcohol abuse. In the medical examiner's opinion, Linton died as a result of blunt force injury to the head.

Defendant was indicted and tried for involuntary manslaughter. The jury returned a verdict of guilty. After finding the aggravating factors outweighed the mitigating factors, defendant received the maximum sentence of ten years imprisonment. Defendant appeals.

*Attorney General Michael F. Easley, by Special Deputy Attorney General Daniel F. McLawhorn, for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., by Assistant Appellate Defender Janine M. Crawley, for defendant appellant.*

ARNOLD, Chief Judge.

**I**

Defendant's first assignment of error raises the question of whether the State's evidence was sufficient to show that defendant's act of hitting Gregory Linton was both the actual and legal cause of his death.

In considering a motion to dismiss, the trial court must determine whether substantial evidence of each element of the offense exists. *State v. Nichols,* 321 N.C. 616, 365 S.E.2d 561 (1988). "Substantial evidence is such relevant evidence as a reasonable person might accept as adequate to support a conclusion." *State v. Ginyard,* 334 N.C. 155, 158, 431 S.E.2d 11, 13 (1993). The trial court must consider the evidence in the light most favorable to the State, thereby giving the State the benefit of every reasonable inference that might

be drawn therefrom. *State v. Brown,* 310 N.C. 563, 313 S.E.2d 585 (1984).

Involuntary manslaughter is "the unintentional killing of a human being without malice, proximately caused by (1) an unlawful act not amounting to a felony nor naturally dangerous to human life, or (2) a culpably negligent act or omission." *State v. McGill,* 314 N.C. 633, 637, 336 S.E.2d 90, 92 (1985) (quoting *State v. Redfern,* 291 N.C. 319, 321, 230 S.E.2d 152, 153 (1976), *overruled on other grounds, State v. Collins,* 334 N.C. 54, 431 S.E.2d 188 (1993) ). The State must prove that defendant's action was both the cause-in-fact (actual cause) and the proximate cause (legal cause) of the victim's death to satisfy the causation element. *See, e.g., State v. Atkinson,* 298 N.C. 673, 259 S.E.2d 858 (1979), *overruled on other grounds, State v. Jackson,* 302 N.C. 101, 273 S.E.2d 666 (1981). Defendant contends that the State failed to prove the causation element.

### CAUSE-IN-FACT

[1] First, defendant contends that the State failed to present substantial evidence that his punch was the cause-in-fact of Linton's death because (1) the State's theory was that as a result of defendant's punch Linton banged his head on the pavement, yet the evidence showed that Linton did not fall on his head, or bang it against the pavement as a result of being hit by defendant, and (2) it is impossible to prove beyond a reasonable doubt that the trauma which triggered the decedent's brain hemorrhage was defendant's punch, and not some other factor which could have occurred either before or after the incident.

There is evidence in the record, contrary to defendant's contentions, from which a reasonable jury could find that defendant's punch was the actual cause of the blunt force injury to the head, leading directly to Linton's death. First, it should be noted that the State's theory at the time of defendant's motion to dismiss was not limited to whether the decedent's head struck the pavement. Therefore, while it appears from the record that Linton's head did not strike the pavement, it can be reasonably inferred that defendant's punch was the cause-in-fact of decedent's death. Steve Coor testified that he saw defendant swing at Linton "around the head." The medical examiner testified that the decedent's swollen brain could have been a response to either a blow to the head or a response to the head striking some object. This is reasonable evidence to support the conclusion that defendant's punch to the head was a cause-in-fact of

decedent's death. Furthermore, defendant's second contention that decedent *could* have suffered trauma to the head in a manner other than defendant's assault is speculative. There is no evidence in the record to substantiate defendant's suggestion that decedent *may* have lost his balance sometime before he encountered defendant, that he *may* have fallen again sometime after he was hit, or that he *may* have fallen in his jail cell.

## PROXIMATE CAUSE

[2] Defendant next contends that his action was not a proximate or legal cause of decedent's death because (1) primary responsibility for Linton's death lies in the superseding act of the police taking Linton into custody without seeking timely medical attention, and (2) the events following defendant's assault upon decedent were unforeseeable. Both of defendant's contentions are contrary to the law of this state and are therefore unpersuasive.

Even if the decedent's death resulted from any negligent treatment or failure to seek medical attention by the police, defendant cannot rely on such negligence as a defense. "Neither negligent treatment nor neglect of an injury will excuse a wrongdoer unless the treatment or neglect was the sole cause of death." *State v. Jones*, 290 N.C. 292, 299, 225 S.E.2d 549, 552 (1976) (drug used to treat victim of gunshot wound caused him to die from an allergic reaction that induced heart failure). No evidence exists here to show that any action taken by the police was the sole cause of decedent's death. There can be more than one proximate cause, but criminal responsibility arises as long as the act complained of caused or directly contributed to the death. *State v. Cummings*, 301 N.C. 374, 271 S.E.2d 277 (1980). A jury could reasonably infer from the evidence in the case at bar that defendant's assault started a series of events culminating in Linton's death, and therefore, constituted a proximate cause of his death.

Defendant's other contention, that he was not the proximate cause of decedent's death due to the unforeseeable consequences of defendant's assault, is likewise erroneous under the law of this state. Responsibility cannot be avoided due to a pre-existing condition of a decedent which renders him less able to withstand an assault.

> The rule is well settled that the consequences of an assault which is the efficient cause of the death of another are not excused, nor is the criminal responsibility for causing death lessened, by the

> pre-existing physical condition which made the person killed unable to withstand the shock of the assault and without which predisposed condition the blow would not have been fatal.

*State v. Luther*, 285 N.C. 570, 575, 206 S.E.2d 238, 241-42 (1974); *see also State v. Thompson*, 43 N.C. App. 380, 258 S.E.2d 800 (1979) (holding no error where defendant struck victim in face knocking him to the ground and victim died two days later from brain hemorrhage). Linton's pre-existing condition, chronic alcoholism, was evidenced by the testimony of the medical examiner. The examiner explained that alcoholics are more susceptible to brain swelling and subdural hematomas than nondrinkers. Defendant's argument that the rule regarding pre-existing conditions is far less compelling where the decedent's condition is self-induced is not convincing. Testimony of the medical examiner, coupled with additional testimony regarding decedent's blood alcohol concentration and history of drinking, was sufficient for the State's case to withstand defendant's motion to dismiss.

Additionally, in his first assignment of error, defendant asks this Court to abandon the common law doctrine of misdemeanor manslaughter. Whatever the merits of defendant's argument, this Court is foreclosed from making such a determination. It is the province of our legislature to change the accepted common law in this state. N.C. Gen. Stat. § 4-1 (1986); *see also State v. Bass*, 255 N.C. 42, 120 S.E.2d 580 (1961).

## II

[3] Defendant's second assignment of error is that the trial court erroneously failed to give defendant's requested instruction on an element of assault, and instead instructed the jury on a theory that was not supported by the evidence. At the beginning of the charge conference, the attorneys were asked for suggestions as to how to charge the jury on the "unlawful act" element of involuntary manslaughter. Defendant requested the following instruction:

> That the defendant acted unlawfully and without legal excuse by assaulting *Gregory Linton causing him to fall and strike his head on the pavement.*

The trial court denied defendant's requested instruction and instead gave the following instruction to the jury:

[That the] defendant . . . assaulted, without lawful excuse, the decedent Gregory Linton by *hitting him and thereby proximately causing* the death of the victim Gregory Linton . . . .

We find that the evidence does not support defendant's requested instruction, however, the evidence does support the instruction given; therefore, there is no prejudicial error.

Where a party requests an instruction that is supported by the evidence, it is error for the trial court not to instruct in substantial conformity with the requested instruction. *State v. Rose*, 323 N.C. 455, 373 S.E.2d 426 (1988); *State v. Earnhardt*, 307 N.C. 62, 296 S.E.2d 649 (1982). The crucial issue, therefore, is whether the evidence supports defendant's requested instruction that defendant caused Linton to fall and hit his head on the pavement.

While the medical examiner testified that Linton died as a result of a blunt force injury to the head, which *could* have been caused by striking his head on the pavement, the record is devoid of any evidence that indicates decedent indeed struck his head on the pavement. In fact, defendant contradicts himself by conceding in his first assignment of error that the evidence does not support a finding that Linton fell on his head, or banged it against the pavement as a result of being hit by defendant. Defendant relies on the State's acknowledgment at the charge conference that its theory was that Linton died as a result of hitting his head on the pavement, and not as a direct result of defendant's punch. The State's acknowledgment, however, is immaterial because the trial judge, not counsel for either party, is responsible for presenting the issues arising from the evidence to the jury. *State v. Harris*, 306 N.C. 724, 295 S.E.2d 391 (1982). Refusal to give defendant's requested instruction was therefore not error.

### III

[4] Defendant's next assignment of error is that the trial court erred by failing to instruct on foreseeability as a necessary component of proximate cause. He contends that the trial court's proximate cause instruction did not explain that defendant's unlawful conduct could not be considered a proximate cause of the decedent's death, unless death was a reasonably foreseeable consequence of that conduct. As a result of the court's failure to instruct on the foreseeability component, defendant argues that he has been prejudiced, and therefore, must be awarded a new trial. Defendant's assignment of error is without merit.

We note initially that defendant failed to preserve his assignment of error for review by this Court by either submitting a request for an instruction on foreseeability or objecting to the instruction at trial as required under Rule 10(b)(2). Admitting his failure to object, defendant nevertheless urges the Court to review this case under the plain error rule. *See State v. Odom*, 307 N.C. 655, 300 S.E.2d 375 (1983). Upon review of the record as a whole, we find no "plain error" that would require a new trial where the facts as well as the law of this state did not justify an instruction on foreseeability.

At trial, the court gave the following instruction on proximate cause:

The second element the State must prove is what is called proximate cause. It is a legal term. The State must prove that the defendant's act proximately caused the victim's death.

What is a proximate cause? It is a real cause, a cause without which the victim's death would not have occurred.

Now the defendant's act need not have been the only cause nor the last cause or the nearest cause. It is sufficient if it occurred with some other cause acting at the same time, which in combination with it caused the death of the victim Gregory Linton.

Defendant relies on two cases from this Court which have held that where the trial court failed to give an instruction on the foreseeability component of proximate cause, the defendant was entitled to a new trial. *State v. Hall*, 60 N.C. App. 450, 299 S.E.2d 680 (1983); *State v. Mizelle*, 13 N.C. App. 206, 185 S.E.2d 317 (1971). In *Hall*, the defendant was convicted of involuntary manslaughter for shooting a man while the two men were hunting deer. After determining that there was sufficient evidence to support the defendant's culpable negligence, and hence a conviction for involuntary manslaughter, the Court turned to the issue of whether the trial court's failure to generally define "proximate cause" and to specifically instruct that foreseeability is a requisite of proximate cause constituted prejudicial error. Relying on *Mizelle*, in which the defendant was convicted of involuntary manslaughter for hitting a man with his car while driving intoxicated, this Court concluded that failure to define proximate cause and state that foreseeability was a requisite of proximate cause entitled defendant to a new trial. *Hall*, 60 N.C. App. 450, 299 S.E.2d 680. As stated in *Mizelle*,

Foreseeability is a requisite of proximate cause. We have previously pointed this out and ordered a new trial where a proper definition of proximate cause was not given in a civil action. [Citation omitted.] It is all the more imperative that all of the necessary elements including a correct definition of proximate cause . . . be given in a criminal case.

*Mizelle*, 13 N.C. at 208, 185 S.E.2d at 318-19. Defendant in the case at bar likewise maintains that although the trial court defined proximate cause, it erred by failing to include an instruction on foreseeability.

The State contends, however, that *Hall* and *Mizelle* are distinguishable. The State insists that the law is different where the wound is *intentionally* inflicted. The State relies on *State v. Woods*, 278 N.C. 210, 179 S.E.2d 358 (1971), *overruled on other grounds, State v. McAvoy*, 331 N.C. 583, 417 S.E.2d 489 (1992) in which the defendant shot and killed her husband and was convicted of voluntary manslaughter. The defendant maintained that she only intended to scare her husband by shooting past him. The trial court instructed the jury twice to return a verdict of involuntary manslaughter if it was satisfied beyond a reasonable doubt that the husband's death " 'was the natural and probable result' of a wound intentionally inflicted by defendant." *Id.* at 219, 179 S.E.2d at 363. The Court concluded the trial court erred in this instruction because the crucial question was "whether a wound inflicted by an unlawful assault *proximately caused* the death—not whether death was a natural and probable result of such a wound and should have been foreseen." *Id.* at 219, 179 S.E.2d at 363-64. The Court further stated that "[f]oreseeability is not an element of proximate cause in a homicide case where an intentionally inflicted wound caused the victim's death." *Id.* at 219, 179 S.E.2d at 364. The issue under *Woods*, therefore, becomes whether the defendant in this case intentionally inflicted the decedent's wound, thereby causing his death. The State argues that because defendant admitted intentionally striking the decedent, the trial judge properly omitted the element of foreseeability in his proximate cause instruction. We agree.

The trial court must instruct fully on proximate cause only as it relates to the facts of each case. *See State v. Pope*, 24 N.C. App. 217, 210 S.E.2d 267 (1974), *cert. denied*, 286 N.C. 419, 211 S.E.2d 799 (1975) (citing *State v. Dewitt*, 252 N.C. 457, 114 S.E.2d 100 (1960) ). In *Pope*, where the defendant was charged with first degree murder

and convicted of second degree murder for shooting his wife, this Court distinguished *Mizelle* and held "[u]nder the facts of the case, foreseeability was not seriously in issue." *Pope*, 24 N.C. App. at 221, 210 S.E.2d at 271; *see also State v. Rogers*, 43 N.C. 177, 258 S.E.2d 418 (1979), *aff'd*, 299 N.C. 597, 264 S.E.2d 89 (1980). In *Pope*, the defendant admitted that he held a loaded gun and pointed it at his brother-in-law, who was standing close to the decedent.

When comparing the facts of the case at bar to the facts in the cases cited above, foreseeability was not seriously in issue. In this case, defendant clearly intentionally inflicted a wound upon Gregory Linton, who was highly intoxicated, by hitting him in the head. The trial court, therefore, did not err in failing to instruct the jury on foreseeability as an element of proximate cause.

We have carefully reviewed defendant's remaining assignments of error and find no prejudicial error.

No error.

Judges COZORT and LEWIS concur.