STATE OF NORTH CAROLINA
v.
AMY REBECCA McARTHUR.
No. COA07-1348
Court of Appeals of North Carolina
Filed July 1, 2008
This case not for publication
Attorney General Roy Cooper, by Special Deputy Attorney General Thomas J. Ziko, for the State.
Mark Montgomery, for defendant-appellant.
CALABRIA, Judge.
Amy Rebecca McArthur ("defendant") appeals a judgment entered upon a jury verdict finding her guilty of voluntary manslaughter of David Lee Michael ("the victim"). We find no prejudicial error.
On 4 May 2005, defendant and the victim, along with three of defendant's children and the victim's daughter, were living in a manufactured home in Randolph County ("the home"). At around 11 p.m., the defendant put the children to bed. That evening, both the defendant and victim had been drinking alcohol and arguing. Defendant decided to leave the victim and packed a bag.
Defendant and the victim continued to argue, and according to defendant, the victim approached the defendant with a gun in his hand and told the defendant to, "shut the fuck up." Defendant and the victim struggled and rolled on the floor. The victim hit defendant in the mouth with the gun and broke her front teeth. The victim stood up, said he would be back in a few minutes, and exited the home through a screen door which closed behind him.
The victim was in the front yard of the home and did not have a weapon in his hand when defendant fired a gun through the closed door. After defendant wounded the victim in the stomach, the victim entered the home, sat down in a recliner, and called his mother, Debbie Michael ("Ms. Michael"). Defendant told Ms. Michael he had been shot in the stomach. Ms. Michael arrived and called 911. An ambulance transported the victim to the hospital where he was treated for his injuries. Several days after the shooting, the victim developed an abscess, a localized infection in the abdomen, caused by contamination from the gunshot wound and injury to the large intestine. The victim died from complications of the gunshot wound.
Defendant was charged with second-degree murder. On 30 January 2007, the Honorable Lindsay R. Davis, Jr. ("Judge Davis") presided over a jury trial in Randolph County Superior Court. At trial, defendant testified the victim was returning home when defendant shot him. According to the State's evidence, the victim was turned partially toward the right and was not approaching the home when the defendant shot the victim.
The jury was instructed on charges of second-degree murder, voluntary manslaughter, involuntary manslaughter and self-defense. On 5 February 2007, the jury returned a verdict finding the defendant guilty of voluntary manslaughter. Judge Davis sentenced defendant to a minimum term of sixty-six months to a maximum term of eighty-nine months in the North Carolina Department of Correction. Defendant appeals.

I. Jury Instructions: Defendant as Aggressor
Defendant first argues the trial court's charge to the jury that the defendant was the aggressor is not supported by the evidence and amounted to reversible error. The trial court instructed the jury that if they found defendant was the aggressor in the fight that led to the victim's death, they should return a verdict of guilty of voluntary manslaughter.
A new trial is warranted where "the trial court erroneously submits the case to the jury on alternative theories, one of which is not supported by the evidence and the other which is, and . . . it cannot be discerned from the record upon which theory or theories the jury relied in arriving at its verdict. . . ." State v. Lynch, 327 N.C. 210, 219, 393 S.E.2d 811, 816 (1990). Jury instructions must be supported by the evidence. State v. Dammons, 293 N.C. 263, 272, 237 S.E.2d 834, 840 (1977). "Voluntary manslaughter `occurs when one kills intentionally but does so in the heat of passion suddenly aroused by adequate provocation or in the exercise of self-defense where excessive force under the circumstances is employed or where the defendant is the aggressor bringing on the affray.'" State v. Lindsay, 45 N.C. App. 514, 516, 263 S.E.2d 364, 366 (1980) (quoting State v. Wilkerson, 295 N.C. 559, 579, 247 S.E.2d 905, 916 (1978)). Here, Judge Davis instructed the jury that if defendant did not act in self-defense, but intentionally wounded the victim with a deadly weapon and the State failed to prove that the defendant did not act in the heat of passion upon adequate provocation, the jury should return a verdict of guilty of voluntary manslaughter. Judge Davis also instructed the jury that if they found defendant intentionally wounded the victim with a deadly weapon and defendant was the aggressor in the fight that led to the victim's death or used excessive force, the jury should find defendant guilty of voluntary manslaughter even if the State failed to prove defendant did not act in self-defense.
We hold this instruction was supported by the evidence. The State's evidence showed that during the argument between the defendant and victim, the defendant jumped on the victim, bit his chest, hit his head with a rock, and pulled his hair. Ms. Michael and a paramedic testified that they noticed bite marks or red marks on the victim's chest. Ms. Michael testified that she found clumps of the victim's hair in the kitchen. When the victim left the home, the defendant picked up a gun and shot the victim through the screen door. We conclude the trial court did not err in instructing the jury that if they found defendant intentionally injured the victim and was the aggressor, they could return a guilty verdict on the charge of voluntary manslaughter. See State v. Bagley, 183 N.C. App. 514, 525, 644 S.E.2d 615, 622 (2007) (concluding no error in jury instructions where State presented sufficient evidence of each element of the charged offense).

II. Jury Instructions: Proximate Cause
Defendant next argues the trial court erred in failing to instruct the jury that proximate cause is an element of voluntary manslaughter. Defendant did not object to this instruction at trial. Questions not preserved by objection at trial and not deemed preserved by rule of law may be made the basis of an assignment of error if the appellant contends the judicial act questioned is plain error. N.C.R. App. P. 10(c)(4) (2007). Defendant contends the trial court had a statutory duty to instruct on each essential element of the charge and failure to instruct on proximate cause was a statutory violation not requiring objection for preservation of the error. We disagree.
Defendant cites State v. Frye, 1 N.C. App. 542, 162 S.E.2d 91 (1968) and N.C. Gen. Stat. § 15A-1232 in support of this argument. In Frye, this Court relied upon N.C. Gen. Stat. § 1-180, which has since been repealed and replaced by N.C. Gen. Stat. § 15A-1232 which states, "In instructing the jury, the judge shall not express an opinion as to whether or not a fact has been proved and shall not be required to state, summarize or recapitulate the evidence, or to explain the application of the law to the evidence." Therefore, we do not find support for defendant's contention that failure to instruct on proximate cause as an element of voluntary manslaughter was a statutory violation.
Since defendant did not object at trial, we apply a plain error analysis. Under a plain error analysis, we first determine whether or not the trial court erred, and if so, whether the error was so fundamental that absent the error the jury would have probably rendered a different verdict. State v. Cummings, 361 N.C. 438, 470, 648 S.E.2d 788, 807 (2007), cert. denied, 128 S. Ct. 1888, 170 L. Ed. 2d 760 (2008).
When giving jury instructions, the general rule is that "no specific language is required to give a correct instruction, so long as the jury is properly instructed on the law bearing upon each essential element of the offense charged." State v. Smith, 294 N.C. 365, 381, 241 S.E.2d 674, 683 (1978) (holding jury instructions did not require an additional explanation of proximate cause where instructions clearly required jury to find that defendant shot and killed the victim). Proximate cause is an essential element of voluntary manslaughter. Frye, 1 N.C. App. at 545, 162 S.E.2d at 93; State v. Sherrill, 28 N.C. App. 311, 313, 220 S.E.2d 822, 824 (1976).
[C]riminal responsibility arises only if a defendant's act has "caused or directly contributed" to the victim's death. State v. Luther, 285 N.C. 570, 573, 206 S.E.2d 238, 240 (1974). Further, "the act of the accused need not be the immediate cause of death. He is legally accountable if the direct cause is the natural result of [the] criminal act."State v. Minton, 234 N.C. 716, 722, 68 S.E.2d 844, 848 (1952) (citations omitted).
State v. Gilreath, 118 N.C. App. 200, 206, 454 S.E.2d 871, 874 (1995). Depending on the instructions as a whole, failure to give an explicit instruction on proximate cause can result in reversible error. See State v. Woods, 278 N.C. 210, 216-17, 179 S.E.2d 358, 362 (1971), overruled on other grounds by State v. McAvoy, 331 N.C. 583, 417 S.E.2d 489 (1992) (holding defendant was entitled to an explicit instruction that the jury should return a not guilty verdict if the State failed to prove that the bullet wound proximately caused the victim's death); State v. Mizelle, 13 N.C. App. 206, 207-08, 185 S.E.2d 317, 318 (1971); Sherrill, supra; but see Smith, supra (concluding failure to use the term "proximate cause" not error where jury is otherwise instructed properly on the law bearing on each essential element charged); State v. Holsclaw, 42 N.C. App. 696, 257 S.E.2d 650 (1979) (concluding no error where trial judge discussed proximate cause in relation to the case, then instructed the jury that voluntary manslaughter was an unlawful killing without malice and later referenced proximate cause as an issue).
Here, the trial court did not instruct the jury to consider proximate cause as one of the elements of voluntary manslaughter. Therefore, the trial court erred in omitting the proximate cause element from the voluntary manslaughter charge. However, this error was not so fundamental as to warrant a new trial. The jury was instructed that voluntary manslaughter is an unlawful killing without malice. The jury was instructed that proximate cause was an element of second-degree murder and involuntary manslaughter. Since the instructions regarding the voluntary manslaughter charge as a whole required the jury to find that defendant's actions caused the victim's death, omitting proximate cause as an element of the charge was not plain error. To find the defendant guilty of the charge of voluntary manslaughter, the jury must have found that defendant committed an unlawful killing, which necessarily included a finding that the defendant's actions caused the victim's death. Smith, supra. We find no plain error.

III. Jury Instructions: Involuntary Manslaughter
Defendant argues the trial court erred in instructing the jury to consider involuntary manslaughter only if the jury had a reasonable doubt as to one or more elements of voluntary manslaughter. Since defendant did not object to this charge at trial, and defendant assigned plain error on appeal, we review this issue under a plain error analysis. N.C.R. App. P. 10(c)(4).
Defendant contends this case is controlled by State v. Mays, 158 N.C. App. 563, 582 S.E.2d 360 (2003) and by N.C. Gen. Stat. § 15A-1237(e) (2007). In Mays, this Court held that jury instructions which require the jury to acquit the defendant of one offense before the jury can consider a lesser included offense violate N.C. Gen. Stat. § 15A-1237(e). Mays, 158 N.C. App. at 569, 582 S.E.2d at 364. N.C. Gen. Stat. § 15A-1237(e) states that "[i]f there are two or more offenses for which the jury could return a verdict, it may return a verdict with respect to any offense, including a lesser included offense on which the judge charged, to which it agrees." However, Mays also determined instructions which direct the jury to consider "the primary charge first before continuing on to the lesser included offense," without mandating a unanimous acquittal to the first offense are consistent with N.C. Gen. Stat. § 15A-1237(e) as well as current pattern jury instructions. Mays, 158 N.C. App. at 574-75, 582 S.E.2d at 367-68. Unlike the court in Mays, here the trial court did not instruct the jury to first acquit defendant of voluntary manslaughter before considering the offense of involuntary manslaughter. Instead, the trial court's instructions merely directed the jury to consider voluntary manslaughter before continuing to the offense of involuntary manslaughter. We find no error.

IV. Ineffective Assistance of Counsel
Defendant also argues that to the extent the issues on jury instructions were not preserved for appellate review, he was denied effective assistance of counsel. Since we conclude there was no prejudicial error in the jury instructions, defendant was not denied effective assistance of counsel for her attorney's failure to object to those instructions. State v. Braswell, 312 N.C. 553, 563, 324 S.E.2d 241, 248 (1985).
No prejudicial error.
Judges WYNN and GEER concur.
Report per Rule 30(e).